## CHICAGO, R. I. & P. RY. CO. v. SATTERFIELD, Co. Treas.

No. 18682. Opinion Filed Feb. 26, 1929.

W. R. Bleakmore, A. T. Boys, and John Barry, for plaintiff in error.

Edwin Dabney, Atty. Gen., V. P. Crowe, Asst. Atty. Gen., W. T. Dixon, Co. Atty., John W. Tyree, Asst. Co. Atty., and Ray & Thomas, for defendant in error.

HEFNER. J. The Chicago, Rock Island & Pacific Railway Company, the plaintiff in error herein, as plaintiff below, brought a suit in the district court of Comanche county, against Iona C. Satterfield, as county treasurer, wherein it asks for the recovery of certain alleged illegal taxes claimed to have been charged against its property, which was located on the Ft. Sill Military Reservation.

The trial court held the taxes properly levied and rendered judgment against the plaintiff, and the case is here for review.

The plaintiff contends:

"(1) That the Military Reservation and the property thereon under grants from the United States is not taxable for state, county, and municipal purposes.

"(2) That the provisions of the Enabling Act, 34 Stat. at L. 267, and 34 Stat. at L. 268, and 34 Stat. at L. 269, and the acceptance of the Constitutional Convention, by ordinance irrevocable, of the terms and provisions, etc., of the Enabling Act, is a compact between the government of the United States that there should be no taxes collected from the Military Reservation and that it cannot be changed without the consent of both parties in passing some legislation of equal dignity to the Enabling Act and the Constitution of Oklahoma. In other words, the Legislature has no right, authority, or power to pass an act that would infringe on, or change the compact so entered into without the consent of the other party to the United States. If that were true and the state should be permitted to pass laws applicable to the Military Reservation, it would seriously interfere with the maintenance, preservation, and operation of the public reservations of the United States owned and operated by the government."

In the case of the St. Louis Railway Co. v. Satterfield, County Treasurer, 27 Fed. (2nd Series) 586, the Eighth Circuit Court of Appeals had under consideration these same questions. In that case the Frisco Railway Company filed, in the Western District of Oklahoma, a suit to recover certain taxes assessed for the fiscal year commencing July 1, 1924, and ending June 30, 1925, and paid by it under protest. The taxes were levied against the property of the company that was situated within the boundary limits of the Ft Sill Military Reservation, Comanche county. The trial court rendered judgment against the plaintiff, and the case was appealed. The essential facts in that case and in the case at bar are practically the same.

In the Frisco case the question was raised whether or not the state of Oklahoma had surrendered to the federal government authority to levy and collect taxes upon property located in the Ft. Sill Military Reservation. It is within the power of the state to surrender to the federal government a portion of its governmental authority. The plaintiff contended in the Frisco Case, and it is contended in the instant case, that this authority was surrendered by an act of the Legislature of Oklahoma enacted in 1908. This act is as follows:

"Section 1. The consent of the state of Oklahoma is hereby given, in accordance with the seventeenth clause, eighth section, of the first article of the Constitution of the United States, to the acquisition by the United States, by purchase, condemnation or otherwise, of any land in this state, required for sites for custom houses, post offices, arsenals, forts, magazines, dock yards, military

184

reserves, forest reserves, game preserves, and national parks or other needful public buildings whatever, or for any other purposes for the government.

"Section 2. Exclusive jurisdiction in and over any lands so acquired by the United States shall be, and the same is hereby, ceded to the United States for all purposes except the service upon such sites of all civil and criminal process of the courts of this state; but the jurisdiction so ceded shall continue no longer than the said United States shall own such lands.

"Section 3. The jurisdiction ceded shall not vest until the United States shall have acquired the title of said lands by purchase, condemnation or otherwise; and so long as the said lands shall remain the property of the United States, when acquirea as aforesaid, and no longer, the same shall be and continue exempt and exonerated from all state, county and municipal taxation, assessment, or other charges which may be levied or imposed under the authority of this state."

In construing this act in the Frisco Case, supra, is was said:

"The above statute of Oklahoma by its express terms was enacted for the purpose of enabling the United States to acquire land in the manner, for the object, and with the exclusive jurisdictional result mentioned in the above section of the Constitution. But the Ft. Sill Military Reservation had been acquired by the government long prior to the passage of this statute The government owned the land comprising the reservation before and at the time Oklahoma was admitted into the Union. So that in no sense can it be said that this property was acquired with the consent of the Legislature of the state in which it was located. The statute is necessarily prospective in its operation. It authorizes the government to secure such land in the state as it may desire for its purposes. As to all such acquisitions, the state by this statute surrenders to the national government exclusive jurisdiction. But the state of Oklahoma did not by this statute vacate its sovereignty over property acquired in some other manner by the government."

In a later statute (section 7539, C. O. S. 1921) the state of Oklahoma, with certain exceptions, did cede authority over the reservation. The statute is as follows:

"Section 1. That exclusive jurisdiction be, and the same is hereby ceded to the United States over all the territory now owned by the United States and comprised within the limits of the Military Reservation of Fort Sill, in Comanche county, and Fort Reno, in Canadian county, as declared from time to time by the President of the United States, and over such lands as may hereafter be acquired for the enlargement of said reservations: Provided, however, that the state of Oklahoma reserves the right to serve civil or criminal process within said reservations in suits or prosecutions for or on account of rights acquired, obligations incurred, or crimes committed in said state but outside of such cessions and reservations; Provided, further, that the state of Oklahoma reserves the right to tax railroad companies and other corporations and their franchises and property on said reservations; and provided, further, that the jurisdiction herein ceded shall continue no longer than the United States shall own and hold said reservations for military purposes."

In construing this statute in the Frisco Case, Judge Davis, speaking for the Eighth Circuit Court of Appeals, said:

"The provision of that statute, retaining to the state the right to tax property, other than that of the government has been held to be valid. The state in ceding dominion over the reservation to the government was authorized to attach such conditions as it saw fit, so long as they were not inconsistent with the use of the land for the intended purpose. Ft. Leavenworth Railroad Co. v. Lowe, supra; Chicago, R. I. & P. Railway Co. v. McGlinn, 114 U. S. 543, 5 S. Ct. 1005, 29 L. Ed. 270; Benson v. U. S., 146 U. S. 330, 13 S. Ct. 60, 36 L. Ed. 994; Palmer v. Barrett, 162 U. S. 403, 16 S. Ct. 837, 40 L. Ed. 1016. It follows that the state of Oklahoma did have the right to levy and collect taxes on defendant's property in the Ft. Sill Military Reservation."

The plaintiff contends that the records of the county superintendent's office failed to show any proceedings for the attaching of the Ft. Sill Military Reservation to the Lawton city school district. The record in this case shows that the Ft. Sill Military Reservation was attached to and made a part of the Lawton city school district under provisions of chapter 128, page 152, of the Session Laws of 1923-4, which is as follows:

"Section 1. Any military reservation within the state of Oklahoma adjoining an independent school district may, with the consent of the Secretary of War, be attached to such independent school district for school purposes by the county superintendent of education of the county in which such military reservation and independent school districts are situated, upon petition of the commanding officer on the military reservation and with the consent of the board of education."

That act took effect on March 17, 1924.

The record discloses the following agreement:

"It is agreed that the commanding officer of the Fort Sill Military Reservation made application to have the Ft. Sill Military Reservation attached to the city of Lawton school district for school purposes and that the board of education of the city of Lawton took such action and the Secretary of War gave such consent as is shown by Exhibit 'A,' and the county superintendent made an order attaching the Reservation to the said school district as shown by exhibit 'B.' "

In the Frisco Case, supra, the above statute was construed, and in connection therewith it was said:

"The validity of this statute is not attacked in this case. The plaintiff based its case solely on the broad proposition that the Military Reservation and its property thereon were subject alone to the laws of the United States, and that the state was without authority to legislate in respect thereto. The pleadings tender no issue as to the validity of the statute of 1924, and raise no question as to the manner in which the school tax was assessed and levied. But at the argument and in the briefs it was asserted that there was no showing that the necessary steps had been taken to attach the reservation to the school district as provided by the statute, and hence the tax was not properly assessed and collected. In the absence of both pleadings and proof to the contrary, the trial court correctly ruled that it should be presumed that the statute had been observed in the assessing and levying the school tax."

Since we follow the reasoning and adopt the conclusions reached in the Frisco Case, supra, we do not think a further discussion herein is necessary. The taxes were properly levied, and the judgment of the trial court is accordingly affirmed.

LESTER, V. C. J., and HUNT, CLARK, RILEY, CULLISON, SWINDALL, AND ANDREWS, JJ , concur.

MASON, C. J., absent.

Note.—See "Taxation," 37 Cyc. p. 718, n. 86. "United States," 39 Cyc. p. 731, n. 28.